## 51667. WADDELL v. COLE et al.

STOLZ, Judge.

The defendant in a processioning proceeding appeals from the judgment on the verdict setting the boundary line between the parties' properties.

1. Although the evidence was conflicting (there being some evidence of the defendant's adverse possession and the plaintiff's acquiescence in establishing a new land line), the verdict and judgment, being supported by some evidence, will not be set aside by this court on the general grounds.

2. At trial, a witness for the appellee testified as to his knowledge of the land line being based upon what he was told by "my grandpa, my daddy, and my uncle." The appellant contends that this was hearsay, for which no proper foundation had been laid. However, our courts, in the past, have received declarations of deceased persons concerning private boundaries even when the declarants did not speak of tradition or reputation. See, e.g., *Deaton v. Swanson,* 196 Ga. 833 (3) (28 SE2d 126). "Declarations of deceased individuals who do not appear to have any motive to misrepresent are also properly received in evidence, at least in the case of private boundaries." Green, The Georgia Law of Evidence, § 322. Code Ann. § 38-311.

The evidence disclosed that "grandpa," "daddy," and "uncle" were all deceased, and that all three men owned land on one side of the line, farmed and fenced the land, and lived thereon. Clearly, they had known the property and were in a position to know the traditional boundaries as well. This evidence was admissible as an exception to the hearsay rule. See *Deaton v. Swanson,* supra. This enumeration of error is also without merit.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED JANUARY 13, 1976 — DECIDED MARCH 8, 1976.

*Land & Sanders, Thomas C. Sanders,* for appellant.
*W. A. Foster, III,* for appellees.